IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS LUIS MEZA ROJAS,<br>A#220882473<br>Petitioner, | §<br>§<br>§<br>§ | |
| v. | § | No. 3:26-CV-402-O-BW |
| THOMAS BERGAMI, Warden,<br>Prairieland Detention Center, et al.,<br>Respondents. | §<br>§<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Petitioner Carlos Luis Meza Rojas's Application for Temporary Restraining Order and Order to Show Cause RE: Preliminary Injunction. (*See* Dkt. No. 7 ("TRO Mot.").) The undersigned magistrate judge recommends that the Court deny the motion.

Petitioner, who is detained by immigration authorities, alleges that his detention is unlawful under 8 U.S.C. § 1254a, the Fifth Amendment Due Process Clause, 8 U.S.C. §§ 1225(b)(1) and 1226(a), and the Administrative Procedure Act. (*See* Dkt. No. 1 ("Pet.").) Petitioner is seeking his release from detention through his habeas petition and the TRO motion. (*See* Pet. ¶ 98; Dkt. No. 7-1 ("TRO Br.") at 7 ("[T]his Court should issue a temporary restraining order and instruct Respondents to immediately release Petitioner.").)

---

[1] The habeas action has been automatically referred to the undersigned magistrate judge for case management pursuant to Special Order 3-251. (*See* Dkt. No. 3.)

"The purpose of a preliminary injunction [or temporary restraining order] is not to give the plaintiff the ultimate relief it seeks." *Singh v. Acting Field Officer Director*, No. 3:26-CV-388-LS, 2026 WL 478934, at *1 (W.D. Tex. Feb. 11, 2026) (quoting *WarnerVision Ent. Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996) (brackets in original)); *accord Perez v. Noem*, No. 3:25-CV-2920-K-BN, 2025 WL 3532430, at *6 (N.D. Tex. Nov. 14, 2025) ("[A] TRO or preliminary injunction is not a device 'to give a plaintiff the ultimate relief he seeks' through his claims" (quoting *Peters v. Davis*, No. 6:17-CV-595, 2018 WL 11463602, at *2 (E.D. Tex. Mar. 28, 2018))), *accepted* 2025 WL 3530951 (N.D. Tex. Dec. 9, 2025). "Preliminary relief should 'not conclusively resolve legal disputes,' and thus a TRO is an inappropriate vehicle for granting ultimate relief." *Saechao v. Noem*, No. 3:26-CV-624-X, 2026 WL 602783, at *1 (N.D. Tex. Mar. 4, 2026) (quoting *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025)). "Specifically, a court cannot render ultimate relief sought in a habeas petition—releasing a detainee—in the form of a preliminary injunction or TRO." *Id.* (citing *Ramirez v. Noem*, 6:25-CV-035-H, at *2 (N.D. Tex. Feb. 5, 2026)); *see also Cano Alvarez v. S. Louisiana Processing Ctr.*, No. 26-696, 2026 WL 660752, at *1 (W.D. La. Mar. 9, 2026) ("The Petitioner's request for immediate release is improper because one cannot skip the line by dressing a habeas petition in TRO clothes.").

Here, both the petition and the TRO motion seek identical relief based on the same premise: that Meza Rojas should be released from custody because he purportedly holds Temporary Protected Status and, under 8 U.S.C. § 1254a(d)(4),

Respondents allegedly lacks authority to detain him. (*See* Dkt. No. 7-1 at 5-6.) Because Meza Rojas requests the same or similar relief in his habeas petition and his TRO motion, the TRO motion should be denied. His habeas petition remains pending.

**SO RECOMMENDED** on July 23, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).